**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
HARI-AMAN JAMES                                          :
                                                         :
                            Plaintiff,                   :    23-CV-1206 (PGG) (OTW)
                                                         :
              -against-                                  :    **ORDER**
                                                         :
NEW YORK CITY HEALTH + HOSPITALS CORP.                   :
OFFICE OF LEGAL AFFAIRS CLAIMS DIVISION,                 :
                                                         :
                            Defendant.                   :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of ECF 60, wherein *pro se* Plaintiff Hari-Aman James ("Plaintiff") (1) seeks "leave to move to amend [his] complaint to this action regarding lack of overtime in 2021 [and] any retaliation claims reasonably related to those events," and (2) seeks to include additional objections to my Reports and Recommendations ("R&Rs") at ECF 51 and ECF 53, both of which have already been adopted, in part, by Judge Gardephe. (*See* ECF Nos. 58, 60).

**1. Plaintiff's Request for Leave to Move to Amend His Complaint**

On May 1, 2025, Judge Gardephe issued an amended referral order referring this case to me for general pretrial management and dispositive motions. (ECF 61). In his May 1 amended referral order, Judge Gardephe construed Plaintiff's letter at ECF 60 as Plaintiff's motion for leave to file an amended complaint. (ECF 61). Consistent with Judge Gardephe's Opinion and Order at ECF 58, Plaintiff seeks to amend his 2021 overtime claim, and keep his retaliation claim, which was not dismissed.

Plaintiff's motion is **GRANTED**. Plaintiff is directed to file his amended complaint by **May 30, 2025.**

In accordance with Judge Gardephe's March 31, 2025, Order, (ECF 58), Plaintiff's amended complaint should have two claims: (1) his amended Title VII race discrimination claims arising out of the denial of overtime in 2021 and 2022 and (2) his surviving Title VII retaliation claims, for which amendment is not required. If Plaintiff seeks an extension of time to file his amended complaint, he must submit any such request on the docket <u>before</u> May 30, 2025.

2. **Plaintiff's Objections to the R&Rs are Untimely**

As to Plaintiff's objections, they are both untimely and improperly addressed. In his letter, Plaintiff states:

> In the R&R document Judge Wang assert that I either, failed to exhaust or failed to state a claim regarding the ADEA & retaliation, as she stated **"This court finds that amendment would be futile as [sic] James's (1) Title VII claims arising out of his dispute with Officer [T]orres and his unsuccessful application for [t]he clerical associate LV IV position because those claims were not raised before the eeoc [sic] and thus have not been exhausted."**

(ECF 60) (emphasis in original). Plaintiff is quoting from Judge Gardephe's Order, filed on March 31, 2025, (ECF 58), not my R&Rs. Further, as Judge Gardephe points out in his March 31 Order, Plaintiff filed a letter on October 9, 2024, stating that his objections to my R&Rs "are the same as stated in my opposition," and Plaintiff did not seek an extension of time to make his objections to the R&Rs. (ECF 58 at 16). If Plaintiff was objecting to my R&Rs and not Judge Gardephe's Order, they would be untimely and I do not have the power to extend that time. Even if the Court construed Plaintiff's new arguments as a motion for reconsideration of Judge Gardephe's March 31 Order, they are also untimely. *See* Local Civ. R. 6.3 ("Unless otherwise provided by the Court or by statute or rule … a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days

after the entry of the Court's determination of the original motion.").

### 3. Conclusion

In sum, Plaintiff is directed to file proposed amended complaint by **May 30, 2025,** which should contain only two claims: (1) Plaintiff's amended Title VII race discrimination claim arising out of the denial of overtime in 2021 and 2022 and (2) Plaintiff's surviving Title VII retaliation claim, for which amendment is not required.

**SO ORDERED.**

Dated: May 2, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge