**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
HARI-AMAN JAMES                                            :
                                                           :
                    Plaintiff,                             :     23-CV-1206 (PGG) (OTW)
                                                           :
            -against-                                      :     **ORDER**
                                                           :
NEW YORK CITY HEALTH + HOSPITALS CORP.                     :
OFFICE OF LEGAL AFFAIRS CLAIMS DIVISION,                   :
                                                           :
                    Defendant.                             :
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of ECF Nos. 64 and 65.

On May 2, 2025, I granted Plaintiff's motion for leave to move to amend his complaint, and directed Plaintiff to file his amended complaint by May 30, 2025. Plaintiff then filed on May 30, 2025, what appears to be his amended complaint. (*See* ECF 64). While Plaintiff's filing requests leave to move to amend his complaint, the filing also clearly states the "proposed amended complaint is as follows." Accordingly, the Court will treat Plaintiff's filing at ECF 64 as his amended complaint.[1]

On June 4, 2025, Defendant filed a letter opposing Plaintiff's request to amend the complaint. Namely, Defendant argues the Court should deny Plaintiff's motion for leave to move to amend his complaint because: (1) Plaintiff's filing includes a claim for which leave to amend was not granted; (2) Plaintiff did not not attach an amended complaint; and (3) Plaintiff's proposed amended complaint is futile. Because the Court is construing Plaintiff's

---

[1] The Court notes that Plaintiff's amended complaint lays out substantially all of the information required in this Court's *pro se* complaint form, available here: https://www.nysd.uscourts.gov/forms/complaint-general.

letter as his amended complaint, Defendant's second and third arguments are moot.

As to Plaintiff's proposed amended complaint, Plaintiff sets out three claims: (1) a Title VII race discrimination claim arising out of the denial of overtime of overtime in 2021 (for which leave to amend was previously granted); (2) a Title VII retaliation claim arising out of Plaintiff's April 12, 2022, EEO complaint and May 8, 2022, request to Steve Mair for assistance in addressing race discrimination (which survived Defendant's motion to dismiss); and (3) a Title VII retaliation claim arising out of an EEOC charge filed on July 4, 2022, and subsequent disciplinary action in December 2022. (ECF 64).

As Defendant notes in their letter, Judge Gardephe dismissed Plaintiff's Title VII retaliation claim arising out of the December 2022 disciplinary action and did not grant Plaintiff leave to amend as to this claim. (*See* ECF 58 at 40) ("Similarly, the more than three-month gap between James's July 4, 2022 EEOC charge and the alleged retaliatory acts that took place in December 2022 … is too long to permit an inference of retaliatory animus."). Further, the Court's May 2, 2025, Order explicitly sets out that Plaintiff's amended complaint should only contain two claims: (1) his amended Title VII race discrimination claim arising out of the denial of overtime in 2021 and 2022 and (2) Plaintiff's surviving Title VII retaliation claim, for which amendment was not required. (ECF 62).

Defendant's motion to dismiss, if any, is due by **July 18, 2025.** Plaintiff's opposition, if any, is due by **August 8, 2025.** Defendant's opposition, if any, is due by **August 15, 2025.**

Defendant is directed to serve a copy of this Order on Plaintiff by **June 23, 2025.**

**SO ORDERED.**

Dated: June 17, 2025
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge